IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHRYN Y. SHIMELL | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO.  05-CV-6620 |
| DE LAGE LANDEN FINANCIAL SERVICES | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM OPINION & ORDER**

GOLDEN, J.                                                                                                            APRIL 15, 2008

Before the Court are plaintiff's motion for partial summary judgment and defendant's motion for partial summary judgment.  The motions are denied for the reasons that follow.

**STANDARD OF REVIEW**

Summary judgment should be granted if the record, including pleadings, depositions, affidavits, and answers to interrogatories demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c).  In making that determination, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The question is whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.  It is not the role of the trial judge "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial," id. at 250, because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Id. at 255.  At "the

summary judgment stage, in other words, 'all that is required [for a non-moving party to survive the motion] is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve [at trial] the parties' differing versions of the truth.'" Jackson v. Univ. of Pittsburgh, 846 F.2d 230, 233 (3d Cir. 1987) (*quoting* First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)).

The summary judgment "standard is applied with added rigor in employment discrimination cases, where intent and credibility are crucial issues." Stewart v. Rutgers, 120 F.3d 426, 431 (3d Cir. 1997) (internal quotation omitted). The Court is also mindful of the "low bar for establishing a *prima facie* case of employment discrimination." Scheidemantle v. Slippery Rock Univ., 470 F.3d 535, 539 (3d Cir. 2006).

## BACKGROUND

This case involves a plaintiff who took leave from her employment with defendant in late 2003 because of serious back problems. Plaintiff underwent spinal surgery in February 2004, and shortly thereafter learned that defendant had terminated her. Defendant claims it properly terminated plaintiff because she was on leave under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, which only requires that defendant provide twelve weeks of leave, and her twelve weeks had lapsed. Plaintiff claims that she was out on short term disability leave and should not have been terminated.

## ANALYSIS

### 1. Plaintiff's Motion

Count III of the Complaint seeks damages for defendant's alleged failure to provide a copy of its plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §

1001, *et seq.*, and plaintiff has filed a motion seeking summary judgment on this count. Under ERISA, the plan administrator must provide certain plan documents upon a plan participant's request, and failure to do so may result in a penalty of up to $100 per day. 29 U.S.C. § 1024(b)(4). Plaintiff alleges that she requested the plan from defendant's plan administrator several times beginning on February 1, 2004, and did not receive a copy of the plan until April 16, 2006, 806 days later. Pl.'s Statement of Material Facts at ¶¶ 29, 49. Defendant counters with the affidavit of its plan administrator, which states that he provided plaintiff with the plan in November 2003, December 2003, and late January or early February 2004. Aff. of Robert Everly at ¶ 8. Because plaintiff's statement and defendant's affidavit are in direct conflict, determining who is correct requires a credibility assessment, and summary judgment is thus inappropriate on this count. MBIA Ins. Corp. v. Royal Indem. Co., 426 F.3d 204, 209 (3d Cir. 2005) ("The Court may not weigh the evidence or assess credibility.").

  **2. Defendant's Motion**

Count I of the Complaint claims a violation of the Americans with Disabilities Act ("ADA"), which prohibits employment discrimination on the basis of disability. 42 U.S.C. § 12112(a). To establish a *prima facie* case under the ADA, a plaintiff must show that she is protected under the ADA, is otherwise qualified for her position, and suffered an adverse employment action. Shaner v. Synthes, 204 F.3d 494, 500 (3d Cir. 2000). If the plaintiff meets this burden, the defendant must then identify a non-discriminatory reason for its adverse employment action against the plaintiff. Walton v. Mental Health Ass'n of Southeastern Pa., 168 F.3d 661, 668 (3d Cir. 1999). If the defendant can point to such a reason, the plaintiff must then provide direct or circumstantial evidence upon which a jury could reasonably disbelieve the

defendant or find that discrimination more likely than not occurred.  Id.

Defendant concedes that plaintiff is a member of an ADA protected class, but asserts that plaintiff was not otherwise qualified for her position because she was not present at her office for ten months following the expiration of her FMLA leave.  Plaintiff counters that she would have been qualified for her position had defendant provided the reasonable accommodation of additional leave while she recovered from surgery.  Viewing the circumstances in the light most favorable to plaintiff, the Court finds that a jury could reasonably conclude that additional leave was a reasonable accommodation, and this case is thus inappropriate for summary judgment.  See Dogmanits v. Capital Blue Cross, 413 F. Supp. 2d. 452, 460 (E.D. Pa. 2005) ("In some circumstances, a leave of absence for medical treatment can also be considered as a reasonable accommodation."); Shannon v. City of Philadelphia, 1999 WL 1065210, at *6 (E.D. Pa. Nov. 23, 1999) ("a reasonable jury could conclude that [plaintiff's] request for an additional three months of unpaid leave for medical treatment was a reasonable accommodation.").

An appropriate Order accompanies this Memorandum Opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHRYN Y. SHIMELL | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 05-CV-6620 |
| DE LAGE LANDEN FINANCIAL SERVICES | : | |
| | : | |
| Defendant | : | |

**ORDER**

AND NOW, this 15th day of April, 2008, it is hereby ORDERED that plaintiff's motion for summary judgment as to Count III (Document No. 26) and defendant's motion for summary judgment as to Count I (Document No. 25) are DENIED with leave to renew in the form of a motion for directed verdict.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.