IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHIMELL, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 05-6620 |
| | : | |
| DE LAGE LANDEN FINANCIAL SERVICES, | : | |
| Defendant. | : | |
| | : | |

**Goldberg, J.**                                                                                               **August 10, 2009**

### MEMORANDUM OPINION

Before the Court is a motion to dismiss Plaintiff's common law fraud allegations which Defendants claim are pre-empted by ERISA. After careful consideration of the memoranda of law submitted by the parties, the motion will be denied.

### BACKGROUND

The complaint in this matter was filed on December 19, 2005, wherein, Plaintiff, Kathern Y. Shimell ("Shimell"), alleged that the Defendant, De Lage Landen Financial Services ("DLL"), violated the Americans with Disabilities Act ("ADA") (Count I) and the Employee Retirement Income Security Act ("ERISA") (Count II). She also claimed that DLL committed common law fraud (Count IV). (Compl., ¶¶ 31-51.) DLL answered Shimell's complaint on May 21, 2006, denying the allegations and raising numerous affirmative defenses, including Shimell's failure to state a claim

1

upon which relief can be granted. (Answer, ¶ 7.) However, DLL did not raise ERISA pre-emption as an affirmative defense.

On November 30, 2007, the parties filed cross-motions for summary judgment, which were denied by the Honorable Thomas M. Golden.[1] (See Mem. Op. and Order denying, Doc. No. 37.) Thereafter, on May 16, 2008, DLL filed a motion in limine to preclude evidence of fraud alleging that the fraud claim was pre-empted by ERISA. (Def.'s Mot. in Limine, pp. 2-5.) In opposition, Shimell argued that DLL's motion was procedurally improper and untimely, characterizing the motion as a "thinly veiled attempt to have [the fraud claim] dismissed." Shimell also asserted that the fraud claim was not pre-empted because it was not related to an employee benefit plan. Rather, Shimell alleged that the fraud claim was based on DLL's misrepresentations or omissions regarding its leave policies and the actual terms and conditions of her employment, which Shimell claimed she relied upon to her detriment in deciding to undergo surgery and not to return to work upon the expiration of her FMLA leave. (Pl's Resp., pp. 2-7.)

After considering the motion in limine and Shimell's response, Judge Golden issued an Order, moving *sua sponte* to dismiss the fraud claim, reasoning that the question of whether ERISA pre-empts the fraud claim is a legal question that would be more properly presented in a motion to dismiss for failure to state a claim. (See Doc. No. 57 (explaining the Court's rationale for treating the motion in limine as a motion to dismiss and discussing Bradley v. Pittsburgh Bd. Of Educ., 913 F.2d 1064, 1070 (3d Cir. 1990) and Fed. R. Civ. P. 12(h)(2)).) The parties have now fully briefed the issue raised in Judge Golden's Order.

---

[1] The claims raised in these motions did not in any way relate to the fraud/ERISA pre-emption issues currently before this Court.

**LEGAL STANDARD**

When reviewing a motion to dismiss for failure to state a claim, the proper inquiry is whether the plaintiff, under any reasonable reading of the complaint, may be entitled to relief. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (discussing the impact of Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), on pleading standards and motions to dismiss for failure to state of claim may be raised up to trial). When reading a complaint, the Court is mindful of its duty to accept as true all the factual allegations and construe the complaint in the light most favorable to the plaintiff. Id. However, the Court is only required to accept as true those facts which are well-pleaded and which state a plausible claim for relief. Twombly, 550 U.S. 544; Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).

**ANALYSIS**

State laws can be pre-empted under either an express or an implied pre-emption theory. ERISA's express pre-emption clause marks for pre-emption "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Implied pre-emption in the ERISA context can occur when "any state law cause of action [] duplicates, supplements, or supplants the...civil enforcement remedy" provided for in ERISA. See Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004) (holding that a state health care liability act was pre-empted when a beneficiary sued the plan administrator for its decision not to cover her).

In view of this precedent, the question before the Court is whether Plaintiff's fraud claim should be dismissed as pre-empted by ERISA. In her complaint, Shimell alleges that DLL, through misrepresentations or omissions, led her to believe that her employment would be protected and that she would remain an employee of DLL even after the expiration of her twelve (12) week FMLA

3

leave. (Compl., ¶¶ 18, 19, 21-22, 24.) Specifically, the complaint states that "[p]rior to and on the day she underwent spinal surgery, [she] was led to believe and did believe that she was still an employee of [DLL] with all terms and conditions of her employment in[]tact," and that this belief remained with her during her recovery. (Compl., ¶¶ 21-22.) She notes that while on FMLA leave, she received short- term disability benefits, a pay increase, a letter informing her that she was not the type of employee whose job could be terminated during her FMLA leave, and even a letter from DLL's chairman on February 23, in which he hoped "her problem had been resolved." (Compl., ¶¶ 15, 17, 19, 20, 24.) This letter was sent to Shimell *after* DLL made the decision to fire her. (Compl., ¶¶ 24, 26-27.) Further, Shimell alleges that DLL never told her that her failure to return to work following the expiration of her FMLA leave would result in her termination, yet it was precisely that reason DLL gave to justify its decision to fire her. (Compl., ¶¶ 18, 26.) According to Shimell, "such conduct by [DLL] was intended to and did interfere with [her]...reinstatement to her position upon her physician releasing [her] to return to work." (Compl., ¶ 29.)

We conclude that these allegations of fraud do not relate to an employee benefit plan and, thus, are not pre-empted. The Court finds support for its conclusion in Forbus v. Sears Roebuck & Co., 30 F.3d 1402 (11th Cir. 1994). In Forbus, a sales manager for Sears told employees that the plant where they worked was scheduled to close and that, as a result, their jobs would be eliminated. The sales manager told the employees this in order to induce them to retire under an early retirement package. The employees sued for fraud. The Circuit Court, in reversing the District Court, held that the plaintiffs' fraud claim was not pre-empted because the fraud related to the existence of the employees' jobs rather than an employee welfare plan or their benefits due. See id. at 1405-07.

More recently, the Sixth Circuit Court of Appeals held that a negligent misrepresentation

claim brought by an employer against the record keeper/broker of its defined benefit plan was not pre-empted, despite its obvious relation to an employee benefit plan, because the question of liability turned solely on whether the record keeper/broker failed to perform its non-fiduciary services as represented.  See Penny/Ohlman/Nieman, Inc. v. Miami Valley Pension Corp., et al., 399 F.3d 692, 703-04 (6th Cir. 2005).  In other words, where a trial court would not have to evaluate a benefit plan or the parties' performance under one, the mere existence of a benefit plan will not lead to the pre-emption of a state law claim.

     Here, Shimell has alleged that intentional misrepresentations or omissions were made concerning the protection of her employment both during her FMLA leave and following its expiration.  She further alleges that she relied on these misrepresentations or omissions when deciding to undergo surgery and not return to work upon the expiration of her leave.  Lastly, she alleges that DLL acted intentionally in order to interfere with the reinstatement of her employment.  Like the claims in Penny and Forbus, these claims stand apart from any employee benefit plan.  In fact, ERISA, despite its relatively broad scope, would not provide a right to relief for Shimell based on this theory of recovery.  Further, the Court detects no conflicts with the goals of ERISA and the fraud claim under the protection of employment theory because the existence of an employee benefit plan is immaterial to Shimell's fraud claim.  As a result, the fraud claim is not pre-empted.

     An appropriate Order follows.